# Wheeling.

## Richard D. Seamon *et al. vs.* The Bank of Berkeley.

### January Term, 1870.

1. Parties are summoned under the 11th section of chapter 188, and chapter 151 of the Code of Virginia, 1860, respectively, as garnishees. Without objection they file written answers, which are subsequently, on motion of the plaintiff, stricken from the files, and the court below proceeds to hear evidence as to the indebtedness to the plaintiff, and gives judgment against them. HELD:

    I. That the answers must be regarded as accepted by the plaintiff, and it was error to strike them from the files; though if they were not satisfactory a further answer might have been required.

    II. If the plaintiff had suggested that the garnishees had not fully disclosed their liability, the proceedings should have been according to the 19th section of chapter 151, Code of Virginia, 1860.

    III. The court should have, instead of striking the answers out, required the garnishes to answer further if desired by the plaintiff, but if further answer was not desired, upon a suggestion that they had not fully disclosed, a jury should have been empannelled to try the question.

2. The notes of the Bank of the Valley in Virginia, purchased and procured by garnishees after proceedings were commenced against them, cannot be offset against, or paid upon, the debts due by them to the bank.

This case came from Berkeley county. The judgment complained of was rendered in March, 1869. The opinion of Judge Maxwell contains a statement of the case.

Hon. Joseph A. Chapline, judge of the circuit court of Berkeley county, presided on the trial of the case.

*Charles J. Faulkner* for the plaintiffs in error.
*Stanton & Allison* for the defendant in error.

MAXWELL, J.   The Bank of Berkeley obtained a judgment in the circuit court of Berkeley county, against the Bank of the Valley in Virginia, for 4000 dollars and upwards, with interest and costs, which judgment was afterwards affirmed in this court.   After the said judgment was so affirmed, and the judgment of this court certified to the circuit court of Berkeley county, a summons on a suggestion was sued out of the clerk's office of the said circuit court of Berkeley county, against William B. Colston and others, and served on the said Colston.

During the time the suit was pending, and before judgment was rendered against the Bank of the Valley in Virginia, an attachment was sued out and served on Richard D. Seamon, as garnishee.   It appears that on the 23d day of March, 1869, which was the first day of the March term of the court, Colston and Seamon both appeared and offered to file their separate answers in writing, under oath, and that no objection was made to the filing of said answers, and they were accordingly filed; and it further appears that on the 25th day of the same month on motion of the Bank of Berkeley, the said answers were struck from the files, and the said Colston and Seamon ordered to appear in court and answer orally, of which order it does not appear they had notice.   To which ruling of the court striking the said answers from the files, the said Colston and Seamon objected and excepted.

The court afterwards, on the 3d day of April, proceeded to hear evidence as to the indebtedness of the said parties to the Bank of the Valley in Virginia, and rendered judgments against them respectively.

It is insisted here that it was error to strike the said answers from the files after they had been allowed to be filed under the circumstances.

The proceedings against Colston was under chapter 188 of the Code of Virginia, 1860.   The 11th section of the chapter provides for a suggestion and summons thereon. The 12th section provides that the person summoned shall

be examined on oath. The 13th section provides that if such person, after being served with the summons twenty days, fail to appear, or if it be suggested that he has not fully disclosed his liability, the proceedings shall be according to the 18th and 19th sections of chapter 151, *mutatis mutandis.* The 12th section does not contemplate a written answer, but that the person summoned shall be examined on oath. But I have no doubt that a plaintiff may waive his right to examine a party summoned, by allowing him to file a written answer.

Under the circumstances of this case, the answer of Colston must be regarded as accepted by the plaintiff, and could not afterwards be struck out, though if not satisfactory, a further answer might have been required. If the plaintiff had suggested that Colston had not fully disclosed his liability, the proceedings should have been according to the 19th section of chapter 151.

The proceedings to compel the answer of Seamon was under chapter 151 of the same Code, and the answer of Seamon was as improperly struck out as was that of Colston. The proceedings against both Colston and Seamon should have been the same under the 19th section of chapter 151, according to which it is provided that when it is suggested by the plaintiff, that the garnishee has not fully disclosed the debts due by him to, or effects in his hands of, the defendant, the court shall cause a jury to be impaneled to enquire as to such debts and effects.

The court should, therefore, instead of striking the answers out, have required the defendants to answer further, if desired by the plaintiff, but if further answers were not desired, upon a suggestion that the defendants had not fully disclosed, the court should have impaneled a jury to try the question.

This brings us to the question of greatest interest in the case, and that is, whether or not the notes of the Bank of the Valley in Virginia, purchased and procured by Colston and Seamon after proceedings were commenced against

them, can be set off against, or paid upon, the debts due by them to the said bank.

This question has been examined in the case of *Gettinger* vs. *The Farmers' Bank of the Valley in Virginia,* at the present term of this court, in which it was held that the notes of the said bank, procured after attachment levied, could not be set off against, or paid upon, a debt due the bank. That case then, is conclusive against the right claimed by Colston and Seamon to set off the notes held by them.

The judgment complained of will, therefore, have to be reversed, with costs to the plaintiffs in error, and the cause remanded for further proceedings to be had therein, in conformity to the foregoing opinion.

The remaining judges concurred with Maxwell, J.

JUDGMENT REVERSED.